Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HUSER, Individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>TYSON FOODS, INC., DONNIE SMITH, and DENNIS LEATHERBY,<br><br>   Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff William Huser ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Tyson Foods, Inc. ("Tyson Foods" or

the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired the securities of Tyson Foods between November 23, 2015 and October 7, 2016, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2.     The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4.     Venue is proper in this District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as the Company conducts business in this District and a significant portion of the Defendants' actions, and the subsequent damages, took place within this District.

5.     In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

Class Action Complaint for Violation of the Federal Securities Laws

**PARTIES**

6.     Plaintiff, as set forth in the accompanying PSLRA Certification, purchased securities of Tyson Foods at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

7.     Defendant Tyson Foods, together with its subsidiaries, operates as a food company worldwide. The Company operates through four segments: Chicken, Beef, Pork, and Prepared Foods. The Company raises and processes chickens into fresh, frozen, and value-added chicken products; processes live fed cattle and live market hogs; and fabricates dressed beef and pork carcasses into primal and sub-primal meat cuts, as well as case ready beef and pork, and fully-cooked meats. The Company is incorporated in Delaware with principal executive offices located at 2200 West Don Tyson Parkway, Springdale, Arkansas. The Company is registered to do business within the state of California and its registered agent is located in Los Angeles, California. Tyson Foods Class A common stock is traded on the New York Stock Exchange ("NYSE") under the ticker symbol "TSN".

8.     Defendant Donnie Smith ("Smith") has served as the Chief Executive Officer ("CEO") of Tyson Foods since November 2009. Defendant Smith served as the President of Tyson Foods from November 2009 until June 13, 2016.

9.     Defendant Dennis Leatherby ("Leatherby") has been the Chief Financial Officer ("CFO") and Executive Vice President of Tyson Foods since June 2008.

10.     Defendants Smith and Leatherby are sometimes referred to herein as the "Individual Defendants."

11.     Each of the Individual Defendants:

(a)     directly participated in the management of the Company;

(b)     was directly involved in the day-to-day operations of the Company at the highest levels;

Class Action Complaint for Violation of the Federal Securities Laws

(c) was privy to confidential proprietary information concerning the Company and its business and operations;

(d) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f) was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g) approved or ratified these statements in violation of the federal securities laws.

12. Tyson Foods is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Tyson Foods under *respondeat superior* and agency principles.

14. Defendant Tyson Foods and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

15. On November 23, 2015, the Company filed a Form 10-K for the fiscal year ended October 3, 2015 (the "2015 10-K") with the SEC, which provided the Company's year-end financial results and position and stated that the Company's internal control over financial reporting and disclosure controls and procedures were effective as of October 3, 2015. The 2015 10-K was signed by Defendant Leatherby

- 4 -

and Smith. The 2015 10-K also contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Leatherby and Smith attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting, and the disclosure of all fraud.

16.    The 2015 10-K discussed the strategies utilized by Tyson Foods to compete with its competitors for a leading market position for its food products, stating in pertinent part :

**COMPETITION**

Our food products compete with those of other food producers and processors and certain prepared food manufacturers. Additionally, our food products compete in markets around the world.

We seek to achieve a leading market position for our products via our principal marketing and competitive strategy, which includes:

- identifying target markets for value-added products;

- concentrating production, sales and marketing efforts to appeal to and enhance demand from those markets; and

- utilizing our national distribution systems and customer support services.

Past efforts indicate customer demand can be increased and sustained through application of our marketing strategy, as supported by our distribution systems. The principal competitive elements are price, product safety and quality, brand identification, innovation, breadth and depth of product offerings, availability of products, customer service and credit terms.

\*       \*       \*

Our results of operations and financial condition, as well as the selling prices for our products, are dependent upon the cost and supply of commodities and raw materials such as pork, beef, poultry, corn, soybean,

Class Action Complaint for Violation of the Federal Securities Laws

packaging materials and energy and, to a lesser extent, cheese, fruit, seasoning blends, flour, corn syrup, corn oils, butter and sugar. Corn, soybean meal and other feed ingredients, for instance, represented roughly 64% of our cost of growing a live chicken in fiscal 2015. ***Production and pricing of these commodities are determined by constantly changing market forces of supply and demand over which we have limited or no control.***

\*         \*         \*

***The prices we receive for our products may fluctuate due to competition from other food producers and processors.***

The food industry in general is intensely competitive. We face competition from other food producers and processors that have various product ranges and geographic reach. Some of the factors on which we compete include: pricing, product safety and quality, brand identification, innovation, breadth and depth of product offerings, availability of our products and competing products, customer service, and credit terms.

From time to time in response to these competitive pressures or to maintain market share, we may need to reduce the prices for some of our products…

[Emphasis added].

17.     The statements referenced in ¶¶ 15 – 16 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) since 2008, Tyson Foods has colluded with the country's leading poultry producers to manipulate the supply of broiler-chickens in order to keep the price of broiler-chickens artificially high; (2) from 2013-2016, Tyson Foods exported hatching eggs to Mexico and other foreign countries to artificially reduce the supply of broiler-chickens in the U.S. and to

Class Action Complaint for Violation of the Federal Securities Laws

increase the price of broiler-chickens in the U.S.; (3) in turn, Tyson Foods lacked effective internal control over financial reporting; and (4) as a result, Tyson Foods' public statements were materially false and misleading at all relevant times.

### The Truth Emerges

18.    On September 2, 2016, Law360 published an article titled "Poultry Producers Hit With Chicken Price Antitrust Suit" stating that Maplevale Farms, one of the country's leading poultry producers, has brought a federal class action antitrust lawsuit (the "Maplevale Suit"[1]) against Tyson Foods and the country's top poultry producers, alleging that, since 2008, they conspired to manipulate the supply of broiler-chickens in order to keep the price of broiler-chickens artificially high, stating in pertinent part:

**Poultry Producers Hit With Chicken Price Antitrust Suit**

By Eric Kroh

Law360, New York (September 2, 2016, 5:13 PM EDT) -- Food distributor Maplevale Farms on Friday filed a proposed class action in Illinois against Tyson Foods, Pilgrim's Pride and several other poultry producers alleging they conspired to fix chicken prices.

The poultry producers manipulated the price of so-called broiler chickens by coordinating and limiting production and exchanged detailed information about prices, capacity and sales volume through data compiler Agri Stats Inc., also named as a defendant in the suit, Maplevale Farms Inc. said.

"Defendants knew and intended that their coordinated limitation and reduction in Broiler supply would artificially increase all Broiler prices — for spot market and contract sales — above the level they would have been absent the conduct alleged," Maplevale farms said.

---

[1] The Maplevale Suit is styled as *Maplevale Farms, Inc. v. Koch Foods, Inc. et al.*, Docket No. 1:16-cv-08637 (N.D. Ill. Sept 02, 2016).

Class Action Complaint for Violation of the Federal Securities Laws

19.    The Maplevale Suit alleges, among other things, that contrary to Tyson Foods "independent economic self-interest", Tyson Foods "exported hatching eggs to Mexico and other foreign countries from 2013-2016 to artificially reduce the supply of Broilers in the U.S. and increase the price of Broilers in the U.S."

20.    The Maplevale Suit also alleges that despite lowering its chicken production in 2015, Tyson Foods posted "record earnings and sales in fiscal year 2015…posting $40.6 billion in sales, including ringing up higher chicken sales." The Maplevale Suit alleges that "the explanation for Tyson's 'paradoxical' 2015 performance—including increasing its Broiler profits but lowering its Broiler production—was the result of the illegal conspiracy alleged in this Complaint."

21.    On this news, shares of Tyson Foods fell $1.16 per share over two trading days to close at $75.28 per share on September 7, 2016, damaging investors.

22.    On October 7, 2016, Pivotal Research issued a report (the "Pivotal Research Report") downgrading Tyson Foods to "sell" from "buy," and slashing its price target from $100 to $40. The Pivotal Research Report noted that the Maplevale Suit is a "powerfully convincing class-action" and that if the allegations therein are true, "[i]t explains why Tyson can offer EPS guidance with remarkable precision; boasting of margins at record levels well into the future. The Tyson of old did not provide guidance. We believe the consistent setting and meeting of earnings targets has been a major factor in the positive re-rating of the shares."

23.    On this news, shares of Tyson Foods fell $6.63 per share or over 8% from its previous closing price to close at $67.75 per share on October 7, 2016, further damaging investors.

24.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

Class Action Complaint for Violation of the Federal Securities Laws

## **PLAINTIFF'S CLASS ACTION ALLEGATIONS**

25.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Tyson Foods securities traded on the NYSE during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

26.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Tyson Foods securities were actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Tyson Foods or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

27.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

28.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

29.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

Class Action Complaint for Violation of the Federal Securities Laws

- whether the federal securities laws were violated by Defendants' acts as alleged herein;
- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of Tyson Foods;
- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;
- whether the Individual Defendants caused Tyson Foods to issue false and misleading SEC filings and public statements during the Class Period;
- whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;
- whether the prices of Tyson Foods securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and
- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

30.   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

31.   Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

Class Action Complaint for Violation of the Federal Securities Laws

- • the omissions and misrepresentations were material;
- • Tyson Foods securities are traded in efficient markets;
- • the Company's securities were liquid and traded with moderate to heavy volume during the Class Period;
- • the Company traded on the NYSE, and was covered by multiple analysts;
- • the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and
- • Plaintiff and members of the Class purchased and/or sold Tyson Foods securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

32.    Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

33.    Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

34.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

35.    This Count is asserted against Tyson Foods and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

Class Action Complaint for Violation of the Federal Securities Laws

36.    During the Class Period, Tyson Foods and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

37.    Tyson Foods and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- •    employed devices, schemes and artifices to defraud;
- •    made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
- •    engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Tyson Foods securities during the Class Period.

38.    Tyson Foods and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of Tyson Foods were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of Tyson Foods, their control over, and/or receipt and/or modification of Tyson Foods allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning Tyson Foods, participated in the fraudulent scheme alleged herein.

39.    Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the

material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other Tyson Foods personnel to members of the investing public, including Plaintiff and the Class.

40.     As a result of the foregoing, the market price of Tyson Foods' securities was artificially inflated during the Class Period. In ignorance of the falsity of Tyson Foods' and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Tyson Foods securities during the Class Period in purchasing Tyson Foods securities at prices that were artificially inflated as a result of Tyson Foods' and the Individual Defendants' false and misleading statements.

41.     Had Plaintiff and the other members of the Class been aware that the market price of Tyson Foods securities had been artificially and falsely inflated by Tyson Foods' and the Individual Defendants' misleading statements and by the material adverse information which Tyson Foods' and the Individual Defendants did not disclose, they would not have purchased Tyson Foods' securities at the artificially inflated prices that they did, or at all.

42.     As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

43.     By reason of the foregoing, Tyson Foods and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the Plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of Tyson Foods' securities during the Class Period.

Class Action Complaint for Violation of the Federal Securities Laws

## COUNT II

### Violation of Section 20(a) of The Exchange Act
### Against The Individual Defendants

44.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45.     During the Class Period, the Individual Defendants participated in the operation and management of Tyson Foods, and conducted and participated, directly and indirectly, in the conduct of Tyson Foods' business affairs. Because of their senior positions, they knew the adverse non-public information regarding Tyson Foods' business practices.

46.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Tyson Foods' financial condition and results of operations, and to correct promptly any public statements issued by Tyson Foods which had become materially false or misleading.

47.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Tyson Foods disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Tyson Foods to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Tyson Foods within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Tyson Foods securities.

48.     Each of the Individual Defendants, therefore, acted as a controlling person of Tyson Foods. By reason of their senior management positions and/or being directors of Tyson Foods, each of the Individual Defendants had the power to direct the actions

- 14 -

of, and exercised the same to cause, Tyson Foods to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of Tyson Foods and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

49.   By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Tyson Foods.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.   Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.   Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.   Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.   Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Class Action Complaint for Violation of the Federal Securities Laws

Dated: October 17, 2016

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

- 16 -

Class Action Complaint for Violation of the Federal Securities Laws